**The PEOPLE of the State of Colorado, Complainant,**

v.

**Perry Wayne NEWMAN, Attorney–Respondent.**

**No. 96SA352.**

Supreme Court of Colorado, En Banc.

Oct. 28, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Perry Wayne Newman, Owasso, OK, pro se.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The parties agreed in the conditional admission to the imposition of a public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission together with the recommendation that the respondent be publicly censured. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to the Colorado bar in 1991. The conditional admission states that the respondent serves as the senior vice-president and corporate counsel for Red Apple Flooring Contractors, Inc. ("Red Apple"), a Colorado corporation. In the summer of 1995, Danita DeBardi entered into a contact with Red Apple for specified home improvements. Shortly after Red Apple began its work, a dispute arose between DeBardi and Red Apple regarding the work already performed and the amount owed for that work.

The respondent sent a letter to DeBardi on August 2, 1995, identifying himself as senior vice-president and corporate counsel for Red Apple. The letter began: "By way of introduction, I am a lawyer with a multi-state practice specializing in corporate, litigation, and collection matters." At the time he wrote the letter, however, the respondent was on inactive status in Colorado and the only other state in which the respondent was licensed to practice law was Oklahoma. The letter accused DeBardi and her husband of dishonest conduct, tortious interference with Red Apple's relation with its personnel, and making slanderous statements about Red Apple. The respondent likened DeBardi's conduct to that of a criminal.

On August 9, 1995, the respondent sent a second letter to DeBardi stating, "In my view, at law the defenses you outline in your letter of August 4, 1995 are not merely ridiculous; if raised in pleadings they would clearly be sanctionable." In the last paragraph of the letter the respondent asserted, "As an officer of the court, and as counsel to my client I tell you that in litigation there are no real winners."

The letter also referred to paragraph 9 of the construction contract which "requires [the DeBardis] to pay Red Apple's costs of collections, including my fees to date." Respondent's letter further stated that if DeBardi complied with Red Apple's requests, Red Apple would waive the respondent's fees. When he wrote the letter, the respondent was paid a fixed salary by Red Apple. Red Apple had therefore not incurred any additional legal fees as a result of the respondent's involvement in the dispute.

In the course of "representing" Red Apple, the respondent made false or misleading statements of fact or law to DeBardi. He represented himself as "a lawyer with a multi-state practice"; and implied that he was licensed to practice law in Colorado even though he was on inactive status; and he implied that DeBardi would be liable for attorney fees paid to him when in fact he was not paid any fees by Red Apple. The respondent concedes that he actually engaged in the practice of law in Colorado while he was on inactive status, contrary to C.R.C.P. 227(A)(6)(b).

The respondent has admitted that the foregoing conduct violated R.P.C. 4.1(a) (in the course of representing a client a lawyer shall not knowingly make a false or misleading statement of fact or law to a third person); R.P.C. 5.5(a) (a lawyer shall not practice law

in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction); R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

The inquiry panel approved the conditional admission, including the recommendation of a public censure. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992), in the absence of aggravating or mitigating circumstances, public censure is generally warranted "when a lawyer knowingly engages in ... conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." ABA *Standards* 5.13. On the other hand, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *Id.* at 7.2.

The parties have stipulated to the presence of the following aggravating factors: a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); and vulnerability of the victim, *id.* at 9.22(h). In mitigation, the respondent has no previous disciplinary history, *id.* at 9.32(a); he has made a timely good faith effort to rectify the consequences of the misconduct by reactivating his license to practice law in Colorado, *id.* at 9.32(d); and he has made full and free disclosure to the disciplinary authorities and has cooperated in the proceedings, *id.* at 9.32(e).

The offensive style of the respondent's letters, as well as the misrepresentations contained therein, concern the court. Nevertheless, given the mitigating factors above, we have determined to accept the conditional admission and the inquiry panel's recommendation of a public censure. *See People v. Fitzgibbons,* 909 P.2d 1098, 1104–05 (Colo. 1996) (public censure of attorney was appropriate for lawyer's misconduct in requesting that vendor falsify credit report and filing of frivolous libel suit against vendor, in light of mitigating factors of lack of prior disciplinary record, cooperation in disciplinary proceedings, and little or no monetary damage to vendor).

## III

It is hereby ordered that Perry Wayne Newman be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $48.21 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.